UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CHUNG, ET AL., | |
| Plaintiffs, | CASE NO. C19-5730-RSM |
| v. | ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION TO WAIVE MEDIATION AND SUSPEND TRIAL DEADLINES |
| WASHINGTON INTERSCHOLASTIC ACTIVITIES ASSOCIATION, | |
| Defendant. | |

## I.   INTRODUCTION

This matter comes before the Court on Plaintiffs' Motion for Waiver of LCR 39.1(c)(3) Mediation and Suspension of Other Deadlines. Dkt. #79. Defendant Washington Interscholastic Activities Association ("WIAA") opposes Plaintiffs' motion in part. Dkt. #80. WIAA opposes waiver of LCR 39.1 mediation but does not oppose striking the present trial date of April 19, 2021 and suspending pre-trial deadlines. *Id.* For the reasons set forth below, the Court GRANTS IN PART and DENIES IN PART Plaintiffs' motion.

## II.   BACKGROUND

Plaintiffs J.N.C., J.D.C., Joelle G. Chung, A.A.B. and A.H.B are current and former students at William F. West High School ("W.F. West") who played on their school's tennis team.

<s>
</s>

Dkt. #34 at ¶¶ 1-11. Plaintiffs are also Seventh-day Adventists who observe the Sabbath from sundown Friday to sundown Saturday every week, which requires that they rest from work and refrain from competitive sports. WIAA is an organization authorized under Washington state law to schedule and oversee interscholastic sports and activities in Washington.

On August 6, 2019, Plaintiffs brought this religious discrimination action against WIAA under the First and Fourteenth Amendments for failure to accommodate Sabbath observers in its scheduling of state high school tennis championship tournaments. Dkt. #1. Plaintiffs filed an amended complaint on December 20, 2019 seeking declaratory and injunctive relief related to WIAA's scheduling of future state tennis tournaments, as well as nominal and compensatory damages. Dkt. #34 at 24-25.

On February 25, 2021, Plaintiffs moved the Court to waive the mediation requirement under LCR 39.1(c)(3) and to suspend remaining deadlines pending the Court's decision on Plaintiffs' motion for summary judgment. Dkt. #79. Defendant agrees to a short extension of trial deadlines but opposes waiving the mediation requirement. Dkt. #80.

### III.   DISCUSSION

**A. Legal Standard**

In this district, mediation is recognized as "an extraordinarily valuable alternate dispute resolution method" such that courts "strongly prefer that all civil litigants attempt mediation." *Blair v. Alaskan Copper & Brass Co.*, No. C07-1877RAJ, 2009 WL 973173, at *1 (W.D. Wash. Apr. 9, 2009), *aff'd*, 401 F. App'x 228 (9th Cir. 2010). Accordingly, this district's local rules grant the Court the authority to require mediation where doing so would yield "significant benefits." *Jones v. Bank of Am., N.A.*, No. C14-836 RAJ, 2015 WL 11661769, at *2 (W.D. Wash. Apr. 2, 2015); *see also* LCR 39.1(c)(1). Courts have waived the mediation requirement under LCR 39.1

in instances where mediation "would not be fruitful." *Blair*, 2009 WL 973173, at *1.

**B. Waiver of Mediation Requirements**

Plaintiffs contend that the burdens of mediation are "severely disproportionate to any benefit" given that parties engaged in substantial settlement discussions and reached an impasse. Dkt. #79 at 4. Given that parties fundamentally disagree about the possibility of injunctive relief in this case, Plaintiffs argue, mediation would be an "expensive and time-consuming exercise unlikely to reveal opportunities the parties have not already considered." *Id.* at 2.

The Court is not persuaded that mediation would be fruitless in this instance, or that the cost to parties would vastly exceed the benefit. While Plaintiffs contend that parties fundamentally disagree as to the possibility of injunctive relief, Dkt. #79 at 2, Defendant counters that the portion of the case premised on WIAA's former Rule 22.2.5 and requesting monetary damages could potentially be resolved through mediation. Dkt. #80 at 2. On Reply, Plaintiffs dispute WIAA's willingness to settle the case and cite parties' failed settlement efforts as evidence that mediation is "highly unlikely to yield meaningful results." Dkt. #81 at 2. However, WIAA's willingness to engage in mediation on the Rule 22.2.5 issue undercuts Plaintiffs' position. To the extent Plaintiffs rely on *Blair* to support their argument that mediation should be waived, parties in that case agreed they were "so far apart in their settlement demands that mediation would not be fruitful." *Blair*, 2009 WL 973173, at *1. Here, in contrast, WIAA "does not believe this case is outside the bounds" of cases suitable for mediation. Dkt. #80 at 3.

For these reasons, the Court finds that mediation may still be fruitful to resolving key issues in this matter or, at a minimum, narrowing the issues for trial. Plaintiffs' motion to waive mediation is therefore DENIED.

//

ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION TO WAIVE MEDIATION AND SUSPEND TRIAL DEADLINES - 3

**C. Suspension of Trial and Pre-Trial Deadlines**

Next, Plaintiffs move to suspend all remaining trial deadlines pending the Court's decision on summary judgment. Dkt. #79 at 2-4. While Defendant opposes an indefinite suspension of the case deadlines, it agrees to a short continuance of the trial date.

The Court may waive or modify case deadlines upon a showing of good cause. LCR 16(b)(6). Plaintiffs have not shown good cause to indefinitely suspend all remaining trial deadlines. First, Plaintiffs argue that this case need not proceed to trial, given that its key issues are properly resolved as a matter of law. Dkt. #79 at 3. This argument improperly previews Plaintiffs' summary judgment motion, and the Court will not consider it herein. Plaintiffs also argue that the need for an April trial date is obsolete, given that the state tennis tournaments at issue in this litigation have been canceled or postponed due to the pandemic. *Id.* at 2. While this change of circumstances alleviates the time-sensitivity for resolving Plaintiffs' request for injunctive relief, it does not amount to good cause for indefinite suspension of case deadlines. Finally, both parties acknowledge the possibility that trial may be postponed due to the COVID-19 public health emergency. *Id.* at 3 (citing W.D. Wash. Gen. Order No. 18-20 (continuing trial dates through March 31 due to COVID-related delays)). While the Court acknowledges that circumstances may change in light of the evolving public health crisis, as of the date of this Order, no updated General Order has been issued that would impact parties' trial date.

Nevertheless, given that Defendant does not oppose a "short" extension of the trial date and pre-trial deadlines, the Court finds good cause to strike the April 19, 2021 trial date and grant parties an extension of the remaining case deadlines. Parties are directed to confer and provide the court with proposed trial dates no later than fourteen (14) days from the date of this Order.

//

## IV.   CONCLUSION

Having reviewed Plaintiffs' Motion, Defendant's Response, Plaintiffs' Reply, the exhibits and declarations attached thereto, and the remainder of the record, the Court GRANTS IN PART and DENIES IN PART Plaintiff's Motion, Dkt. #79.  It is hereby ORDERED:

(1) Plaintiffs' motion for waiver of mediation under LCR 39.1(c)(3) is DENIED;

(2) Plaintiffs' motion to strike the trial date of April 19, 2021 and suspend the associated pre-trial deadlines is GRANTED IN PART.  The Court ORDERS that the current trial date is stricken.  Parties are directed to confer and submit to the Court their proposed trial dates no later than **fourteen (14) days** from the date of this Order.

Dated this 8th day of March, 2021.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE