The Honorable Ricardo S. Martinez

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| J.N.C. and J.D.C., by and through their parents and legal guardians, PAUL Y. CHUNG and IRIS J. CHUNG, <br><br> – and – <br><br> JOELLE G. CHUNG, <br><br> – and – <br><br> A.A.B. and A.H.B., by and through their parents and legal guardians, RICHARD D. BOGGESS and JANET L. BOGGESS, <br><br> *Plaintiffs*, <br><br> v. <br><br> WASHINGTON INTERSCHOLASTIC ACTIVITIES ASSOCIATION, <br><br> *Defendant*. | Civil Action No. 3:19-cv-05730-RSM <br><br> **PLAINTIFFS' PRETRIAL STATEMENT** |

## JURISDICTION

The Court has subject-matter jurisdiction under 28 U.S.C. §§ 1331, 1343, and 1367.

## SUMMARY OF CLAIMS

### I. The "Withdrawal Rule" Claims

Pursuant to Counts II, IV, and VI of the Complaint, Plaintiff Joelle Chung seeks relief based on WIAA's application of its prior Rules 22.2.5 and 22.2.6 concerning withdrawal from postseason competition. These rules generally prohibited players from entering post-season competition unless they could participate in every level of play through the completion of the state championship event. An exception allowed athletes to withdraw for

Pls.' Pretrial Br. – 1
3:19-cv-05730-RSM

THE BECKET FUND FOR RELIGIOUS LIBERTY
1919 PENNSYLVANIA AVE. NW, SUITE 400
WASHINGTON, DC 20006
TELEPHONE (202) 955-0095

reasons of "injury, illness or unforeseen events." Dkt. 54-1 at 8. WIAA exercised broad discretion in applying the "unforeseen events" exception to allow athletes to withdraw for almost any reason, including getting "nails done" for "prom," Dkt. 54-15 at 56:16-58:25; "band," Dkt. 54-3 at 69; and a trip to Alaska, Dkt. 54-2 at 199. Other athletes were allowed to withdraw without giving any reason. *See, e.g.,* Dkt. 54-1 at 36. WIAA even justified one athlete's withdrawal from the state tennis tournament so he could play in the state baseball tournament, which had long been scheduled for the same weekend, concluding it was "unforeseen" that his baseball team would advance so far. Dkt. 54-1 at 39; Dkt. 54-5 at 128:25-129:9; *see also* Dkt. 54-4 at 135:1-136:21 & Correction Sheet (*id.* at 78 of 78). In contrast, Plaintiff Joelle Chung was told that the possibility of her advancing far enough through the postseason to have a Sabbath conflict on the last day of the state tennis tournament did not qualify as "unforeseen."

Plaintiffs claim that this discriminatory treatment violated the Free Exercise Clause (Count II), Article 1 § 11 of the Washington Constitution (Count IV), and Washington Revised Code § 28A.600.200 (Count VI). Because Plaintiff Joelle Chung was forced to withdraw from the district championship her junior year and from the entire postseason her senior year, she seeks (1) a declaration that application of prior Rules 22.2.5 and 22.2.6 violated federal and state law; (2) a permanent injunction barring reinstatement of prior Rules 22.2.5 and 22.2.6; and (3) damages in an amount to be determined by a jury.

**II. The "Scheduling" Claims**

Pursuant to Counts I, III, VI, VII, and VIII, the Minor Plaintiffs seek relief from WIAA's decision to schedule the final day of the 2A tennis tournament on their Sabbath with no accommodation for their religious observance if they advance that far. WIAA has broad discretion in initially scheduling the state tennis tournament. It also has broad discretion to accommodate Plaintiffs' religious observance should they advance far enough in the tournament to have a conflict with their Sabbath. There are many ways

Pls.' Pretrial Br. – 2
3:19-cv-05730-RSM

THE BECKET FUND FOR RELIGIOUS LIBERTY
1919 PENNSYLVANIA AVE. NW, SUITE 400
WASHINGTON, DC 20006
TELEPHONE (202) 955-0095

that WIAA could accommodate Plaintiffs' religious observance, including by moving the tournament to weekdays only; pivoting to a weekday-only schedule if any Minor Plaintiff qualified to advance to the state tournament; or rescheduling individual matches so that that any Saturday match for which a Minor Plaintiff qualified could be played before or after their Sabbath.

Notably, WIAA has never scheduled any events over a Sunday. It has scheduled multiple state-level events—including the state golf tournament for at least the last 11 years—exclusively on weekdays. Dkt. 54-22; Dkt. 54-7 at 38:9-14. And it has accommodated Saturday-Sabbath observers, or is willing and prepared to accommodate them, in various other sports. But WIAA is unwilling even to consider an accommodation for the Minor Plaintiffs.

The Minor Plaintiffs claim that this discriminatory treatment violates the Free Exercise Clause (Count I), Article 1, § 11 of the Washington Constitution (Count III), Washington Revised Code § 28A.600.200 (Count V), the combined Religion Clauses (Count VII), and the Equal Protection Clause (Count VIII). Because WIAA has denied Minor Plaintiffs the ability to participate in the final day of the state tennis tournament, they seek (1) a declaration that WIAA's religious discrimination violates federal and state law and (2) an injunction requiring WIAA to schedule the 2A state tennis tournament to avoid a conflict with the Minor Plaintiffs' Sabbath or, alternatively, to grant a scheduling accommodation to allow the Minor Plaintiffs to complete Saturday matches outside of their Sabbath should they advance that far.

**ISSUES OF LAW**

**I. Standing**

Only the Minor Plaintiffs, and not Plaintiff Joelle Chung, have claims challenging WIAA's scheduling of the 2A State Tennis Tournament. In its May 10, 2021 Order denying Plaintiffs' motion for summary judgment, the Court held that the Minor Plaintiffs lack standing. Dkt. 87 at 9-10. Plaintiffs filed a motion for reconsideration, including as

Pls.' Pretrial Br. – 3
3:19-cv-05730-RSM

THE BECKET FUND FOR RELIGIOUS LIBERTY
1919 PENNSYLVANIA AVE. NW, SUITE 400
WASHINGTON, DC 20006
TELEPHONE (202) 955-0095

to standing, on May 24, 2021. Dkt. 89 at 1-2. If the Court denies reconsideration as to standing, all of the scheduling claims (Counts I, III, V, VII, and VIII) must be dismissed "without prejudice." *Fleck and Assocs., Inc. v. City of Phoenix*, 471 F.3d 1100, 1106-07 (9th Cir. 2006). Absent standing, the scheduling claims cannot proceed to trial, because "the court lacks jurisdiction to address" claims for which no party can "demonstrate[ ] the requisite standing." *Cal. Tow Truck Ass'n v. City and County of San Francisco*, 693 F.3d 847, 866 (9th Cir. 2012); *Fleck*, 471 F.3d at 1107 (without standing, court is "powerless to reach the merits").

## II. Free Exercise Claims (Counts I & II)

To prevail on a Free Exercise claim, a plaintiff must demonstrate that his or her sincere religious practice is burdened by a law that is either not neutral or not generally applicable. *See Church of the Lukumi Babalu Aye, Inc. v. City of Hialeah*, 508 U.S. 520, 531 (1993). Once a plaintiff makes this showing, the government must show "that the challenged law satisfies strict scrutiny." *Tandon v. Newsom*, 141 S. Ct. 1294, 1296 (2021). Strict scrutiny requires the government to show it has a compelling government reason for burdening the plaintiff's religious practice and that it is using the least restrictive means possible. *Lukumi*, 508 U.S. at 521-22 (requiring "the most rigorous of scrutiny" in which the government's policy "must be justified by a compelling governmental interest and must be narrowly tailored to advance that interest"). Thus, "so long as the government can achieve its interests in a manner that does not burden religion, it must do so." *Fulton v. City of Philadelphia*, 141 S. Ct. 1868, 1881 (2021).

### A. Plaintiffs' Burden

#### 1. Sincerity

As to sincerity, Plaintiffs need only show that their relevant beliefs are "sincerely held" and "rooted in religious belief." *Malik v. Brown*, 16 F.3d 330, 333 (9th Cir. 1994) (internal quotation marks omitted); *Callahan v. Woods*, 658 F.2d 679, 683-85 (9th Cir. 1981). This determination is a question of law for the court. *United States v. Seeger*, 380 U.S. 163,

Pls.' Pretrial Br. – 4
3:19-cv-05730-RSM

THE BECKET FUND FOR RELIGIOUS LIBERTY
1919 PENNSYLVANIA AVE. NW, SUITE 400
WASHINGTON, DC 20006
TELEPHONE (202) 955-0095

185 (1965) (court's "task … to decide whether the beliefs professed … are sincerely held and … religious"); *Luckette v. Lewis*, 15 Fed. App'x 451, 452 (9th Cir. 2001) (directing that "a clear finding of sincerity" be made by the district court). A court's role in assessing sincerity is very limited because "[c]ourts are not arbiters of scriptural interpretation"; nor is it "within the judicial function and judicial competence to inquire whether [Plaintiffs] correctly perceived the commands" of their faith. *Thomas v. Rev. Bd. of Ind. Emp. Sec. Div.*, 450 U.S. 707, 715-16 (1981). "Courts typically give credence to assertions of sincerely held religious beliefs in absence of any challenge to their sincerity or religious motives." *Naoko Ohno v. Yuko Yasuma*, 723 F.3d 984, 1011 (9th Cir. 2013). Plaintiffs thus object to subjecting the issue of sincerity to a jury.

### 2. Neutrality and General Applicability

A determination of whether a law is neutral and generally applicable is a question of law for the court. *Fulton*, 141 S. Ct. at 1877 (a law is not generally applicable if it has "a mechanism for individualized exemptions" or "prohibits religious conduct while permitting secular conduct that undermines the government's asserted interests in a similar way"); *Tandon*, 141 S. Ct. at 1296 (law not generally applicable if "*any* comparable secular activity" is treated "more favorably than religious exercise"); *Masterpiece Cakeshop, Ltd. v. Colorado Civil Rights Comm'n*, 138 S. Ct. 1719, 1730-32 (2018) (finding of non-neutrality as a matter of law); *see also Lukumi*, 508 U.S. at 533; *Roberts v. Neace*, 958 F.3d 409, 415 (6th Cir. 2020). Plaintiffs thus object to submitting this issue to a jury.

As to the "withdrawal rule" claims, Plaintiffs' motion for summary judgment presented undisputed evidence that former Rules 22.2.5 and 22.2.6 had categorial exceptions in that they allowed withdrawals for "injury" or "illness" and that they included a "mechanism for individualized exemptions," *Fulton*, 141 S. Ct. at 1877, in that they allowed withdrawals for "unforeseen events." *See, e.g.*, Dkt. 54-01 at 8. The Court concluded that evidence of WIAA's uneven enforcement raised a question of fact for the jury as to whether "strict scrutiny is triggered." Dkt. 87 at 22. Plaintiffs' motion for reconsideration on this

Pls.' Pretrial Br. – 5
3:19-cv-05730-RSM

THE BECKET FUND FOR RELIGIOUS LIBERTY
1919 PENNSYLVANIA AVE. NW, SUITE 400
WASHINGTON, DC 20006
TELEPHONE (202) 955-0095

issue is still pending. If the motion is denied, Plaintiffs intend to reintroduce the evidence at trial and move the Court for judgment as a matter of law on this element of their claim.

As to the "scheduling" claims, Plaintiffs' motion for summary judgment presented undisputed evidence that WIAA has broad discretion regarding when it schedules interscholastic activities and that numerous state competitions are scheduled to take place entirely on weekdays. *See* Dkt. 53 at 7-8. Plaintiffs also submitted undisputed evidence that WIAA has previously exercised (or been prepared to exercise) its discretion to accommodate religion. Dkt. 53 at 8-9. The Court concluded that whether these facts "subject[] [WIAA's] scheduling policy to strict scrutiny review" is a question of fact for the jury. Dkt. 87 at 15. Plaintiff's motion for reconsideration is still pending. If the motion is denied, Plaintiffs intend to reintroduce the evidence at trial and move the Court for judgment as a matter of law on this element of their claims.

**B. WIAA's Burden**

    **1. Compelling Government Interest**

Determination of whether the WIAA had a compelling governmental interest in discriminating against Plaintiff Joelle Chung is a question of law for the Court. *Peterson v. Minidoka Cnty. Sch. Dist. No. 331*, 118 F.3d 1351, 1357 (9th Cir. 1997), *amended*, 132 F.3d 1258 (9th Cir. 1997) (sufficiency of government's alleged compelling interest is "a question of law, not a question of fact"); *Scott v. Rosenberg*, 702 F.2d 1263, 1274-75 (9th Cir. 1983); *United States v. Hardman*, 297 F.3d 1116, 1127 (10th Cir. 2002) ("whether something qualifies as a compelling interest is a question of law"). Plaintiffs thus object to submitting this issue to the jury.

"Rather than rely on 'broadly formulated interests,'" a court making this determination "must 'scrutinize[] the asserted harm of granting specific exemptions to particular religious claimants.'" *Fulton*, 141 S. Ct. at 1881 (quoting *Gonzales v. O Centro Espirita Beneficente Uniao do Vegetal*, 546 U.S. 418, 431 (2006)); *see also Holt v. Hobbs*, 574 U.S. 352, 363 (2015) (applying compelling interest test "to the person" and requiring court "to

Pls.' Pretrial Br. – 6
3:19-cv-05730-RSM

THE BECKET FUND FOR RELIGIOUS LIBERTY
1919 PENNSYLVANIA AVE. NW, SUITE 400
WASHINGTON, DC 20006
TELEPHONE (202) 955-0095

look to the marginal interest in enforcing" the challenged government action in that particular context) (internal citations omitted). WIAA's evidence that it had a compelling governmental interest in discriminating against Plaintiff Joelle Chung was set forth in its response to Plaintiffs' motion for summary judgment. Plaintiffs' motion for reconsideration asking the Court to reach this issue is still pending. If the motion is denied, following reintroduction of the parties' evidence at trial, Plaintiffs intend to move the Court for judgment as a matter of law on this element of their claims.

### 2. Least Restrictive Means

Determination of whether WIAA has met the least restrictive means standard is a question of law for the Court. *United States v. Vasquez-Ramos*, 531 F.3d 987, 991 (9th Cir. 2008) (finding least restrictive means as a matter of law); *United States v. Friday*, 525 F.3d 938, 949 (10th Cir. 2008) ("We now conclude, as other circuits have, that both prongs of RFRA's strict scrutiny test are legal questions."); *Lawson v. Singletary,* 85 F.3d 502, 511-12 (11th Cir. 1996) ("pure question of law"). Plaintiffs thus object to submitting this issue to a jury.

"'The least-restrictive-means standard is exceptionally demanding,' and the government bears the burden of showing 'that it lacks other means of achieving its desired goal without imposing a substantial burden on the exercise of religion by the objecting part[y].'" *Does v. Wasden*, 982 F.3d 784, 795 (9th Cir. 2020) (quoting *Holt*, 574 U.S. at 364-65); *Tandon*, 141 S. Ct. at 1296-97 ("narrow tailoring requires the government to show that measures less restrictive of the First Amendment activity could not address its interest"); *see also Warsoldier v. Woodford*, 418 F.3d 989, 999 (9th Cir. 2005) (government must "demonstrate[] that it has actually considered and rejected the efficacy of less restrictive measures before adopting the challenged practice").

WIAA's evidence that it meets this standard was set forth in WIAA's response to Plaintiffs' motion for summary judgment. Plaintiffs' motion for reconsideration asking the Court to reach this issue is still pending. If the motion is denied, following reintroduction

Pls.' Pretrial Br. – 7
3:19-cv-05730-RSM

THE BECKET FUND FOR RELIGIOUS LIBERTY
1919 PENNSYLVANIA AVE. NW, SUITE 400
WASHINGTON, DC 20006
TELEPHONE (202) 955-0095

of the parties' evidence at trial, Plaintiffs will move the Court for judgment as a matter of law on this element of their claims.

### III. Washington Constitution, Article I, § 11 (Counts III & IV)

To prevail on their claims under Article I, § 11 of the Washington Constitution, Plaintiffs must show that (1) their sincere religious beliefs are (2) substantially burdened by the challenged action; WIAA then must show that it (3) has a compelling interest and (4) is using the least restrictive means to achieve that interest. *State v. Arlene's Flowers, Inc.*, 441 P.3d 1203, 1233 (Wash. 2019). The Court denied Plaintiffs' motion for summary judgment on their state constitution claims, but did not enter summary judgment in WIAA's favor. *See* Fed. R. Civ. P. 56(f)(1). Whether the elements of these claims were met is a question of law for the Court. Plaintiffs thus object to submitting these claims to a jury. If the Plaintiffs' pending motion does not lead to reconsideration of the Court's earlier ruling on these claims, the Court should finalize its ruling by entering summary judgment in WIAA's favor.

### IV. Washington Revised Code 28A.600.200 (Counts V & VI)

Washington Revised Code § 28A.600.200 prohibits WIAA from discriminating based on "creed" "in connection with any function it performs." The Court denied Minor Plaintiffs' motion for summary judgment on this claim, but did not enter summary judgment in WIAA's favor. *See* Fed. R. Civ. P. 56(f)(1). Whether the elements of this claim are met is a question of law for the Court. Plaintiffs thus object to submitting this claim to a jury. If the Plaintiffs' pending motion does not lead to reconsideration of the Court's earlier ruling on this claim, the Court should finalize its ruling by entering summary judgment in WIAA's favor.

### V. Religion Clauses (Count VII)

The Religion Clauses require "that one religious denomination cannot be officially preferred over another." *Larson v. Valente*, 456 U.S. 228, 244 (1982). WIAA does not schedule state championship play on Sunday—the day of the week viewed by most other Christian

Pls.' Pretrial Br. – 8
3:19-cv-05730-RSM

THE BECKET FUND FOR RELIGIOUS LIBERTY
1919 PENNSYLVANIA AVE. NW, SUITE 400
WASHINGTON, DC 20006
TELEPHONE (202) 955-0095

faiths as the Sabbath. Of the approximately 240 state championship events WIAA organized for 2020-21 and 2021-22, none has included competition scheduled for Sunday. Whether the evidence of WIAA's historical preference for Sunday-Sabbath observers violates the Religion Clauses is a question of law for the Court. Plaintiffs thus object to submitting this claim to a jury and will move the Court at trial for entry of judgment as a matter of law.

## VI. Equal Protection Clause (Count VIII)

Under the Equal Protection Clause of the United States Constitution, no state shall deny to any person the equal protection of the laws. This provision requires that similarly situated persons be treated similarly. Under this Clause, courts apply strict scrutiny to state action that interferes with a fundamental right, like the right to free exercise of religion. The Court denied Plaintiffs' motion for summary judgment on this claim, but did not enter summary judgment in WIAA's favor. *See* Fed. R. Civ. P. 56(f)(1). Whether the evidence of WIAA's historical preference for Sunday-Sabbath observers violates the Equal Protection Clause is a question of law for the Court. Minor Plaintiffs thus object to submitting this claim to a jury. If the Plaintiffs' pending motion does not lead to reconsideration of the Court's earlier ruling on this claim, the Court should finalize its ruling by entering summary judgment in WIAA's favor.

## VII. Damages

Plaintiff Joelle Chung is entitled to damages in an amount to be determined by a jury.

## WITNESSES

Plaintiffs reserve the right to call any witness identified by WIAA and any witness necessary to the admissibility of an exhibit if the parties do not stipulate to admissibility. Where a witness has been deposed, the area of testimony will include all subjects covered in the deposition. Some of the witnesses identified may be called at trial using excerpts of their deposition in lieu of testimony as the Court's rules permit. Plaintiffs intend to call the following witnesses at trial:

Pls.' Pretrial Br. – 9
3:19-cv-05730-RSM

THE BECKET FUND FOR RELIGIOUS LIBERTY
1919 PENNSYLVANIA AVE. NW, SUITE 400
WASHINGTON, DC 20006
TELEPHONE (202) 955-0095

1. Joelle Chung, c/o The Becket Fund for Religious Liberty, 1919 Pennsylvania Ave., NW, Washington, DC: Joelle Chung will testify regarding the nature and sincerity of her religious beliefs; her experience as a high school tennis player; her efforts to obtain a religious accommodation from WIAA and WIAA's response; and her damages arising from WIAA's infringement of her rights. She may also testify regarding any other subjects covered in her deposition.

2. J.N.C., c/o The Becket Fund for Religious Liberty, 1919 Pennsylvania Ave., NW, Washington, DC: J.N.C. will testify regarding the nature and sincerity of his religious beliefs; his experience as a high school tennis player; and his efforts to obtain a religious accommodation from WIAA and WIAA's response. J.N.C. may also testify regarding any other subjects covered in his deposition.

3. J.D.C., c/o The Becket Fund for Religious Liberty, 1919 Pennsylvania Ave., NW, Washington, DC: J.D.C. will testify regarding the nature and sincerity of his religious beliefs; his experience as a high school tennis player; and his efforts to obtain a religious accommodation from WIAA and WIAA's response. J.D.C. may also testify regarding any other subjects covered in his declaration. *See* Dkt. 54-18.

4. A.A.B. c/o The Becket Fund for Religious Liberty, 1919 Pennsylvania Ave., NW, Washington, DC: A.A.B. will testify regarding the nature and sincerity of his religious beliefs; his experience as a high school tennis player; and his efforts to obtain a religious accommodation from WIAA and WIAA's response. A.A.B may also testify regarding any other subjects covered in his deposition.

5. A.H.B., c/o The Becket Fund for Religious Liberty, 1919 Pennsylvania Ave., NW, Washington, DC: A.H.B. will testify regarding the nature and sincerity of his religious beliefs; his experience as a high school tennis player; and his efforts to obtain a religious accommodation from WIAA and WIAA's response. A.H.B. may also testify regarding any other subjects covered in his declaration. *See* Dkt. 54-19.

Pls.' Pretrial Br. – 10
3:19-cv-05730-RSM

THE BECKET FUND FOR RELIGIOUS LIBERTY
1919 PENNSYLVANIA AVE. NW, SUITE 400
WASHINGTON, DC 20006
TELEPHONE (202) 955-0095

6. Mick Hoffman, c/o Rockey Stratton, P.S., 3010 NE 182nd St., Lake Forest Park, Washington, 98155: Mick Hoffman will be called to testify regarding the exceptions to WIAA's former Rules 22.2.5 and 22.2.6; WIAA's discretion in applying, and its enforcement of, former Rules 22.2.5 and 22.2.6; WIAA's rules regarding the scheduling of interscholastic events; and WIAA's discretion in, and history of, scheduling interscholastic events. Mr. Hoffman may also be called to testify regarding any other subjects covered in his deposition.

7. Andrew Barnes, c/o Rockey Stratton, P.S., 3010 NE 182nd St., Lake Forest Park, Washington, 98155: Andrew Barnes will be called to testify regarding the exceptions to WIAA's former Rules 22.2.5 and 22.2.6; WIAA's discretion in applying, and its enforcement of, former Rules 22.2.5 and 22.2.6; WIAA's rules regarding the scheduling of interscholastic events; and WIAA's discretion in, and history of, scheduling interscholastic events. Mr. Barnes may also be called to testify regarding any other subjects covered in his deposition.

8. Cindy Adsit, c/o Rockey Stratton, P.S., 3010 NE 182nd St., Lake Forest Park, Washington, 98155: Cindy Adsit will be called to testify regarding the exceptions to WIAA's former Rules 22.2.5 and 22.2.6; WIAA's discretion in applying, and its enforcement of, former Rules 22.2.5 and 22.2.6; WIAA's rules regarding the scheduling of interscholastic events; and WIAA's discretion in, and history of, scheduling interscholastic events. Ms. Adsit may also be called to testify regarding any other subjects covered in her deposition.

Plaintiffs may also call the following witnesses to testify at trial:

1. Paul Chung, The Becket Fund for Religious Liberty, 1919 Pennsylvania Ave., NW, Washington, DC: Paul Chung may testify regarding the nature and sincerity of his children's religious beliefs; his efforts to obtain religious accommodations for his children from WIAA and WIAA's response; and Joelle Chung's damages. Mr. Chung may also testify regarding any other subjects covered in his deposition.

Pls.' Pretrial Br. – 11
3:19-cv-05730-RSM

THE BECKET FUND FOR RELIGIOUS LIBERTY
1919 PENNSYLVANIA AVE. NW, SUITE 400
WASHINGTON, DC 20006
TELEPHONE (202) 955-0095

2. Iris Chung, The Becket Fund for Religious Liberty, 1919 Pennsylvania Ave., NW, Washington, DC: Iris Chung may testify regarding the nature and sincerity of her children's religious beliefs; her efforts to obtain religious accommodations for her children from WIAA and WIAA's response; and Joelle Chung's damages. Ms. Chung may also testify regarding any other subjects covered in her deposition.

3. Richard Boggess, The Becket Fund for Religious Liberty, 1919 Pennsylvania Ave., NW, Washington, DC: Richard Boggess may testify regarding the nature and sincerity of his children's religious beliefs and his efforts to obtain religious accommodations for his children from WIAA and WIAA's response. Mr. Boggess may also testify regarding any other subjects covered in his deposition.

4. Janet Boggess, The Becket Fund for Religious Liberty, 1919 Pennsylvania Ave., NW, Washington, DC: Janet Boggess may testify regarding the nature and sincerity of her children's religious beliefs and her efforts to obtain religious accommodations for her children from WIAA and WIAA's response. Ms. Boggess may also testify regarding any other subjects covered in her deposition.

5. John State, 140 Southwest 8th Street, Chehalis, Washington: John State may be called to testify regarding Plaintiffs' religious sincerity; Plaintiffs' experience as high school tennis players; WIAA's rules regarding withdrawal from postseason competition and the scheduling of postseason events; and WIAA's application and enforcement of those rules. Mr. State may also testify regarding any other subjects covered in his deposition.

6. Michael Colbrese, c/o Rockey Stratton, P.S., 3010 NE 182nd St., Lake Forest Park, Washington, 98155: Michael Colbrese may be called to testify regarding the exceptions to WIAA's former Rules 22.2.5 and 22.2.6; WIAA's discretion in applying, and its enforcement of, former Rules 22.2.5 and 22.2.6; WIAA's rules regarding the scheduling of interscholastic events; and WIAA's discretion in, and history of, scheduling interscholastic

Pls.' Pretrial Br. – 12
3:19-cv-05730-RSM

THE BECKET FUND FOR RELIGIOUS LIBERTY
1919 PENNSYLVANIA AVE. NW, SUITE 400
WASHINGTON, DC 20006
TELEPHONE (202) 955-0095

events. Mr. Colbrese may also be called to testify regarding any other subjects covered in his deposition.

Plaintiffs reserve the right to call all of the foregoing witnesses as rebuttal witnesses on any topic on which they may have relevant information.

## EXHIBITS

Plaintiffs reserve the right to offer into evidence any exhibit identified by the Defendants and to use unidentified exhibits for impeachment purposes or any purpose that cannot be reasonably anticipated in advance of trial. Plaintiffs reserve the right to offer into evidence any demonstrative or illustrative exhibit, whether or not identified in this Pretrial Statement or the Pretrial Order. Plaintiffs may offer the following exhibits at trial:

1. Deposition Exhibits A-1 through A-109. *See* Dkt. 54-1 through 54-3.
2. Excerpts of the Deposition of Michael Colbrese dated June 23, 2020. Dkt. 54-4.
3. Excerpts of the Deposition of Mick Hoffman dated July 30, 2020. Dkt. 54-5.
4. Excerpts of the Deposition of Andrew Barnes dated August 19, 2020. Dkt. 54-6.
5. Excerpts of the Deposition of Cindy Adsit dated July 30, 2020. Dkt. 54-7.
6. Excerpts of the Deposition of Paul Y. Chung dated June 26, 2020. Dkt. 54-8.
7. Excerpts of the Deposition of Iris J. Chung dated June 25, 2020. Dkt. 54-9.
8. Excerpts of the Deposition of Joelle G. Chung dated June 24, 2020. Dkt. 54-10.
9. Excerpts of the Deposition of J.N.C. dated June 25, 2020. Dkt. 54-11.
10. Excerpts of the Deposition of Richard Boggess, dated June 24, 2020. Dkt. 54-12.
11. Excerpts of the Deposition of Janet L. Boggess dated June 25, 2020. Dkt. 54-13.
12. Excerpts of the Deposition of A.A.B. dated June 25, 2020. Dkt. 54-14.
13. Excerpts of the Deposition of John F. State dated August 24, 2020. Dkt. 54-15.
14. Excerpts of the Deposition of Jeffrey Johnson dated August 24, 2020. Dkt. 54-16.
15. Declaration of J.D.C. dated September 25, 2020. Dkt. 54-18.
16. Declaration of A.H.B. dated September 25, 2020. Dkt. 54-19.

Pls.' Pretrial Br. – 13
3:19-cv-05730-RSM

THE BECKET FUND FOR RELIGIOUS LIBERTY
1919 PENNSYLVANIA AVE. NW, SUITE 400
WASHINGTON, DC 20006
TELEPHONE (202) 955-0095

17. Plaintiffs' Responses to Defendant Washington Interscholastic Activities Association's First Interrogatories and Requests for Documents Propounded to Plaintiffs, served on January 13, 2020. Dkt. 54-20.

18. Documents produced by Defendant in discovery as WIAA001085-001208, Washington Interscholastic Activities Association's 2018-19 Official Handbook. Dkt. 54-21.

19. Documents produced by Defendant in discovery as WIAA001371-001381, state championship tournament dates. Dkt. 54-22.

20. Copy of the 2018-19 Bound for State Regulations for tennis from the WIAA website, accessed August 5, 2019. Dkt. 54-23.

21. Documents produced by Defendant in discovery as WIAA000965-001084, Washington Interscholastic Activities Association's 2017-18 Official Handbook. Dkt. 54-24.

22. List of State Championship Dates for 2020-21, along with the locations at which the state championship tournaments were scheduled to be held from the WIAA website, accessed August 28, 2020. Dkt. 54-25.

23. Documents produced by Defendant in discovery as WIAA005153, taken from Defendant's trial brief in *Jacobson v. WIAA*, No. 15-2-25734-0 SEA (Wash. Super. Ct.). Dkt. 54-26.

24. Documents produced by Defendant in discovery as WIAA005258-005259, Stipulation & Order of Dismissal Without Prejudice, *Jacobson*, *supra* (July 18, 2017). Dkt. 54-27.

25. Documents produced by Defendant in discovery as WIAA003514-003705, Washington Interscholastic Activities Association Financial Statements. Dkt. 54-28.

26. Documents produced by Defendant in discovery as WIAA002766-002767, 2019-20 State Championship Ticket Prices. Dkt. 54-29.

27. Documents produced by Defendant in discovery as WIAA001965. Dkt. 54-30.

Pls.' Pretrial Br. – 14
3:19-cv-05730-RSM

THE BECKET FUND FOR RELIGIOUS LIBERTY
1919 PENNSYLVANIA AVE. NW, SUITE 400
WASHINGTON, DC 20006
TELEPHONE (202) 955-0095

Respectfully submitted this 13th day of July, 2021.

| | |
|---|---|
| CHARLES R. STEINBERG, WSBA #23980<br>The Steinberg Law Firm, P.S.<br>323 N. Miller Street<br>Wenatchee, WA 98801<br>(509) 662-3202<br>charles@ncwlaw.com | /s/ *Eric S. Baxter*<br>ERIC S. BAXTER (*Pro Hac Vice*)<br>The Becket Fund for Religious Liberty<br>1919 Pennsylvania Ave, N.W.<br>Suite 400<br>Washington, DC 20006<br>(202) 955-0095<br>ebaxter@becketlaw.org<br><br>*Attorneys for Plaintiffs* |

**CERTIFICATE OF SERVICE**

I hereby certify that on July 13, 2021, the foregoing motion was served on all parties via ECF.

/s/ *Eric S. Baxter*
Eric S. Baxter

Pls.' Pretrial Br. – 15
3:19-cv-05730-RSM

THE BECKET FUND FOR RELIGIOUS LIBERTY
1919 PENNSYLVANIA AVE. NW, SUITE 400
WASHINGTON, DC 20006
TELEPHONE (202) 955-0095