UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JOELLE CHUNG, ET AL., <br><br> Plaintiffs, <br><br> v. <br><br> WASHINGTON INTERSCHOLASTIC ACTIVITIES ASSOCIATION, <br><br> Defendant. | CASE NO. C19-5730-RSM <br><br> ORDER GRANTING STIPULATED MOTION TO APPROVE PROPOSED SETTLEMENT FOR MINOR PLAINTIFFS |

## I.   INTRODUCTION

This matter comes before the Court on parties' Stipulated Motion to Approve Proposed Settlement for Minor Plaintiffs. Dkt. #100. Pursuant to LCR 17(c), parties request that the Court enter a ruling approving their Settlement for Plaintiffs J.N.C., J.D.C., A.A.B., and A.H.B. ("the Minor Plaintiffs"). Having reviewed parties' stipulated facts, the proposed settlement terms, and the remainder of the record, the Court concludes that the proposed settlement is reasonable and in the best interests of Minor Plaintiffs and therefore GRANTS parties' Stipulated Motion.

## II.   BACKGROUND

Plaintiffs are current and former high school students at William F. West High School and Seventh-day Adventists who observe the Sabbath each week from sundown Friday until sundown

ORDER GRANTING STIPULATED MOTION TO APPROVE PROPOSED SETTLEMENT FOR MINOR PLAINTIFFS - 1

1  Saturday.  Plaintiffs J.N.C. and J.D.C. are the minor children of Paul and Iris Chung, and Plaintiffs
2  A.A.B. and A.H.B. are the minor children of Richard and Janet Boggess.  Plaintiffs brought this
3  action against the Washington Interscholastic Activities Association ("WIAA") for failure to
4  accommodate their Sabbath observance in its scheduling and administration of high school tennis
5  state championship tournaments.
6      Under former WIAA Rule 22.2.5, each member school certified that for postseason
7  competition, "barring injury, illness, or unforeseen events, the team or individuals representing the
8  school will participate in every level of competition through the completion of the state
9  championship event."  WIAA Rule 22.2.6 provides that "[a]ny withdrawal and intentional
10 forfeiture shall be considered a violation of WIAA rules and regulations, and shall be subject to
11 penalties as determined by the WIAA Executive Board."  On August 27, 2019, WIAA amended
12 Rule 22.2.5 to permit withdrawals for "religious observance."  Plaintiffs' amended complaint
13 claims that WIAA violated Plaintiffs' free exercise and equal protection rights under the U.S.
14 Constitution for scheduling the 2A tennis tournament on Plaintiffs' Sabbath and prohibiting Joelle
15 from withdrawing from postseason play for religious reasons under Rules 22.2.5 and 22.2.6.  Dkt.
16 #34.  It also claims violations of art. 1 § 11 of the Washington State Constitution and RCW §
17 28A.600.200(1).
18      Plaintiffs moved for summary judgment on their claims, which the Court denied on May
19 10, 2021.  Dkt. #87.  The Court thereafter denied Plaintiffs' motion for reconsideration.  Dkt. #93.
20 On August 9, 2021, parties filed a notice of settlement advising that all claims in this matter have
21 been settled, pending the Court's approval as to the minor Plaintiffs.  Parties entered into a final
22 Settlement Agreement on August 23, 2021, which sets forth the following terms:
23 //

ORDER GRANTING STIPULATED MOTION TO APPROVE PROPOSED SETTLEMENT
FOR MINOR PLAINTIFFS - 2

(1) WIAA's insurer will pay a total amount of $165,000.00, which Plaintiffs have separately agreed to allocate as follows:

- **Minor J.N.C.**      $12,000.00
- **Minor J.D.C.**      $12,000.00
- **Minor A.A.B.**      $12,000.00
- **Minor A.H.B**.      $12,000.00
- **Joelle Chung**      $12,000.00
- **Attorney Fees**     $105,000.00

Dkt. #100-1 at ¶ 4.

(2) For the next three school years, 2021-22, 2022-23, and 2023-24, the Evergreen 2A League, which schedules the first round of post-season play in which the Minor Plaintiffs compete, and District 4 of the WIAA, which schedules the second round of post-season play in which the Minor Plaintiffs potentially compete, have agreed to schedule their boys' post-season tennis tournaments so as to avoid competition between sundown on Fridays and sundown on Saturdays. *Id.* at 6, 21.

(3) During the next three school years, 2021-22, 2022-23, and 2023-24, WIAA will not amend Rules 22.2.5 and 22.2.6 to remove the provisions placed in those rules by amendment on or about August 27, 2019, which added the exception for "religious observance" in Rule 22.2.5 and added an indirect reference to it in Rule 22.2.6 (subject only to any changes the Washington Legislature may make to such rules, which the parties do not anticipate). *Id.* at 7.

(4) Plaintiffs will not appeal the rulings of the Court in this lawsuit, and parties will stipulate to dismissal of the lawsuit with prejudice. *Id*. Plaintiffs have agreed to release all claims related to the lawsuit and made covenants not to sue. *Id.* at 8-10. Plaintiffs' parents have agreed to hold WIAA harmless for any claims related to the subject matter of the lawsuit brought by their minor children for a period of three years from when the children reach the age of majority and are no longer participating in high school activities. *Id.* at 10-11.

ORDER GRANTING STIPULATED MOTION TO APPROVE PROPOSED SETTLEMENT FOR MINOR PLAINTIFFS - 3

### III.  DISCUSSION

"District courts have a special duty, derived from Federal Rule of Civil Procedure 17(c), to safeguard the interests of litigants who are minors." This duty includes conducting "its own inquiry to determine whether the settlement serves the best interests of the minor." *Robidoux v. Rosengren*, 638 F.3d 1177, 1181 (9th Cir. 2011) (quoting *Dacanay v. Mendoza*, 573 F.2d 1075, 1080 (9th Cir. 1978)); *see also Salmeron v. United States*, 724 F.2d 1357, 1363 (9th Cir. 1983) ("a court must independently investigate and evaluate any compromise or settlement of a minor's claims to assure itself that the minor's interests are protected, even if the settlement has been recommended or negotiated by the minor's parent or guardian ad litem").

When considering whether to approve a proposed settlement of federal claims involving minors, the Court must consider whether the settlement is fair and reasonable as to each minor plaintiff. *Id.* at 1182. Where the claims are based on federal law, the Court should limit the scope of its review to the reasonableness of minor plaintiffs' net recovery in light of the facts and specific claims at issue and recoveries in similar cases, without regard to the fee the adult plaintiffs agreed to pay plaintiff's counsel. *Id.* at 1181-82. Where only state claims are involved, the typical practice of district courts in this Circuit is to apply state law when evaluating the proposed settlement. *Id.* at 1181. Here, because the proposed settlement involves federal claims under the U.S. Constitution, *see* Dkt. #34, the Court applies the *Robidoux* standard. *See Doe ex rel. Scott v. Gill*, No. C 11-4759 CW, 2012 WL 1939612, at *2 (N.D. Cal. May 29, 2012) (applying "same standard" to settlement of claims brought under both federal and state law).

As an initial matter, the Court finds that the Minor Plaintiffs are represented by independent counsel, given that Minor Plaintiffs' parents, represented by the same attorney as the minors, are involved in the suit solely by virtue of their status as representatives of their minor children. *See*

Dkt. #100-1 at ¶ 7.  The Court therefore dispenses with the appointment of a guardian ad litem. *See* LCR 17(c).

Based on the Court's review of the information contained in Mr. Baxter's declaration and attached exhibits, the Court concludes that the Proposed Settlement is fair and reasonable.  The net settlement amount of $60,000, divided equally between the five plaintiffs, is APPROVED as reasonable in light of the strength of Minor Plaintiffs' case, the risk, expense, and likely duration of further litigation, the nature of Minor Plaintiffs' alleged injuries, the current stage of the litigation, and as in each of the Minor Plaintiffs' best interests.

### IV.   CONCLUSION

For the reasons set forth above, the Court GRANTS Parties' Stipulated Motion for Approval of Settlement for Minor Plaintiffs.  Dkt. #100.

IT IS SO ORDERED.

Dated this 3rd day of September, 2021.

RICARDO S. MARTINEZ
Chief United States District Judge